1803.

# Bulkley *v.* Stewart.

## In the original action,

JANE STEWART, JARED STARR, and WILLIAM WIN-THROP, Administrators of *William Stewart* deceased, *Plaintiffs;* CHAUNCEY BULKLEY, *Defendant.*

Money voluntarily paid in compliance with an award of arbitrators, cannot be recovered back, in an action of *indebitatus assumpsit.*

An award performed will be a sufficient bar to an action, for the matters submitted, and awarded upon, until regularly set aside; nor can the plaintiff in such action attack its validity, by alleging fraud in the party, in obtaining it.

ACTION of *indebitatus assumpsit.*

The declaration stated, that on the 13th of April, 1798, the defendant applied to *Stewart*, and others, to subscribe a policy, insuring $3,000 on the cargo of the brig *Polly*, from the Havannah to New-York, and represented to them, that the situation of the brig and cargo, as to safety, loss, or injury, was then wholly unknown to him; that *Stewart*, relying on this representation, subscribed the policy for $100; that, in truth, the brig and cargo were, at that time, wholly lost, which was then well known to the defendant, but of which *Stewart*, and the other underwriters, were entirely ignorant; that on the 18th of July, 1799, *Stewart* being then deceased, the defendant applied to the plaintiffs, and represented, that the brig and cargo were wholly lost, and demanded the $100, thus insured, by *Stewart;* and that the plaintiffs, relying upon the good faith of the defendant, and believing, from the defendant's representation, that the loss was fair, and that the deceased was holden by the policy, to pay the sum by him subscribed, accordingly paid the $100 to the defendant. After averring, that the fact of loss, and the defendant's knowledge, were concealed fraudulently, the declaration concluded, by setting forth, in common form, the defendant's indebtedness, his liability to pay, and *assumpsit.*

The defendant pleaded in bar of this action, that the policy contained a stipulation, that, in case any controversy should arise between the underwriters and the defendant, it should be referred to arbitrators ; that, on his claiming a total loss, and the underwriters, and the plaintiffs, refusing to pay, insisting that the policy had been obtained fraudulently, by the defendant's then knowing and concealing the loss, they mutually submitted the controversy to *S. W. Dana* and *S. T. Hosmer*, Esqrs. who, on the 8th of July, 1799, heard the parties thereon, and, by their mutual consent, the underwriters and the defendant were admitted, without oath, to declare to the arbitrators their knowledge of all facts respecting the controversy ; and were respectively interrogated by each other respecting the same : whereupon the arbitrators awarded, that the policy was fair, and that the underwriters should pay the defendants for a total loss, according to the terms of the policy ; and thereupon, and in pursuance of the policy, and the award, which remains in full force, the plaintiffs paid the $ 100 to the defendant.

The plaintiffs replied, confessing the submission and award, and alleged, that the award was, in fact, obtained, by a continuance of the same fraud and deception, which was, by the defendant, practised, at the time of obtaining the policy, as set forth in the declaration ; that, with a design to defraud the plaintiffs, he solemnly declared before the arbitrators, that, at the time of effecting the insurance, he had no knowledge of the loss ; and that the plaintiffs and the underwriters, when the defendants made this declaration, were ignorant of his having had such knowledge.

To this replication the defendant demurred ; and the County Court adjudged the replication sufficient.

On a writ of error to the Superior Court, that judgment was affirmed.

A writ of error was, thereupon, brought to this Court, to reverse both those judgments.

*Daggett* and *Huntington*, (of Middletown) for the plaintiff in error.

*Ingersoll*, for the defendants.

BY THE COURT. To maintain this action, the principle must be assumed, that money paid in obedience to an award of arbitrators, may be recovered back, by impeaching the conduct of the party, in obtaining the award ; and, in a form of action not at all applicable to the question raised between the parties. The action of *indebitatus assumpsit* for money had and received, though governed by equitable principles, and not to be sustained in opposition to equity, cannot be substituted for that mode of relief, which belongs only to chancery.

The plaintiffs, in this case, treat the award as void, and the payment, made under it, as furnishing the defendant no ground to retain the money. An award of arbitrators decides the rights of the parties as effectually, as a judgment at law, or a decree in chancery ; and is as binding, until it be regularly set aside, or its validity questioned in a proper manner. When it is not made under a rule of court, it may be annulled, by a decree in chancery, on a bill shewing corrupt practices of the arbitrators, or parties, or the mistake of the former, or any accident, or proper ground for a new trial, attending the case of the losing party. (*a*) But he can never leap over

---

(*a*) 2 *Eq. Ca. ab. tit. Award.*

it, treating it as void, and litigate his right anew, by commencing an action, as if it had not been made ; and, in a collateral manner, attack its validity.

When not complied with, it shall, in some cases, furnish a rule of damages, in an action brought on the original claim. If, however, in such cases, there are any circumstances, which would be a sufficient objection, in point of law, to an award, it will be open for the parties to shew it, at the trial. (*b*)

In the case at bar, whatever fraud may have been practised, by *Bulkley*, in effecting the policy ; it was submitted to, and awarded upon by, the arbitrators. The parties were at liberty to submit the controversy, on such terms, as to them seemed proper and eligible. That they agreed to admit each other as witnesses, and mutually interrogated each other, constituted no difference, in effect, between an award made on such evidence, and one on that, which is ordinarily used in trials. It gave the case the aspect, and the parties the advantages, of a process in chancery ; and, it seems, the plaintiffs elected this mode of trial, from the want of common law evidence. It is, therefore, highly improper, in them, now to draw in question the integrity of the testimony of their adversary, to which they appealed, and on which they agreed to rely. It would be laying a snare for him, which is not to be allowed. (*c*)

The award was acquiesced in, and the money voluntarily paid, by the plaintiffs. This action does not lie to recover back money voluntarily paid on a claim, which

(*b*) 1 Esp. Rep. 377, *Bailey* v. *Lechmere.*
(*c*) Peake's Rep. 187, *Stevens* v. *Thacker* 1 Esp. 310, *Butler* v. *Gatling.*

1803.

BULKLEY
*v.*
STEWART.

the party disputes, though he pay it, expressly reserving his right to litigate his claim ; much less when paid in obedience to an award deciding the claim. (*d*)

It would be a very dangerous precedent to allow a recovery in this case. The fraudulent conduct of *Bulkley* before the arbitrators, as alleged by the plaintiffs, cannot change the right of the parties, as settled by the award. It may be the foundation of relief in chancery, or of an action at law, for that precise wrong ; but it does not constitute him, in any sense, or to any purpose, the receiver of the money, thus paid in compliance with the award, to the use of the plaintiffs.

Judgment reversed.

(*d*) 1 *Esp. Rep.* 84, *Knibbs* v. *Hall.* *Id.* 279, *Brown* v. *Kinally.* 2 *Esp. Rep.* 546, *Mariott* v. *Hampton.* *Id.* 723, *Cartwright* v. *Rowley.*