THOMAS SHEPHERD *vs.* S. TEMPLE.

In an action on a promissory note given for the price of goods sold with a warranty it is a good defence, that the goods turned out to be of no value.

And in such a case it is not necessary to show, that the goods were returned.

And although the note be in its terms absolute, it is competent for the maker to prove, in order to show a warranty, that it was agreed at the time of making the note, that a deduction should be made, in case the goods should not turn out to be as good as represented.

ASSUMPSIT upon a promissory note, made by the defendant, dated 2 January 1824, for $176,25 payable to the plaintiff in June then next with interest.

The cause was tried here, at May term 1825, upon the general issue. The defendant admitted, that he made the note ; but showed in evidence, that it was given for timber sold to the defendant by the plaintiff. It appeared, that the timber was the remainder of a large quantity of about fifteen hundred thousand feet, which had been put into the river two or three years before ; that in 1822, the best of it had been selected by *James Read*, the plaintiff's agent, and carried to Northampton ; that in 1823, the residue was again overhauled, and the best of it taken away. Most of the remainder, at the time the defendant purchased it, was under the ice, or covered with snow and rubbish, so that its quality could not be ascertained. The defendant offered evidence tending to prove, that at the time of the sale *Read* showed him several sticks upon the bank of the river, which were good sound timber, and then represented the rest of the timber as equal in goodness to those sticks ; and agreed at the time the note was given, that if the timber should not prove as good as he had represented it, whatever it fell

short in value should be deducted from the note. Several witnesses testified, that the defendant took and disposed of the timber ; but that taken altogether it was not worth the expense of taking it out of the river.

The court directed the jury, that unless they were satisfied, that *Read* warranted the timber to be of a particular quality, the defence failed altogether. But if they found, that he did misrepresent the matter, they would then inquire, whether the timber was worth any thing ; and if they found it worth nothing, they must return a verdict for the defendant. The jury found for the defendant ; and the plaintiff moved the court for a new trial.

*Vose*, for the plaintiff.

*Dwight* and *Handerson*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.

It has been contended, that it was incompetent to the defendant to show, that it was agreed at the time the note was made, that a deduction should be made, in case the timber should turn out to be less valuable, than it had been represented to be.

In order to settle this question, it is necessary to ascertain accurately the nature of the controversy between the parties upon the trial. It was conceded, that the defendant made the note, and it was not seriously denied, that the note was given for the price of a quantity of timber sold by the plaintiff to the defendant. Thus far there was no dispute. But the defendant endeavored to shew, that the sale of the timber was accompanied with a warranty, that the timber was of a particular quality, when in fact it was not of that quality, and turned out to be in truth of no value whatever. The plaintiff denied, that there was any warranty, and also that the timber was of no value ; and the existence of the warranty and the value of the timber were the only facts in dispute between the parties. To prove the warranty, the defendant introduced witnesses, who testified, that *Read* showed good sound timber on the shore of the river, as a sample, and declared, that the rest of the timber, which could not then be seen, was of the same quality. But it is now well settled, that such a declaration does not neces-

sarily amount to a warranty. 5 *Johns.* 354, *Davis vs. Meeker.* —2 *Caine's Rep.* 48, *Seixas vs. Woods.*—3 *D. & E.* 57.

In order therefore to shew, that the declaration of *Read* was intended as a warranty, the defendant proved, that *Read* agreed, that, if the timber did not answer his description, a deduction should be made from the note. This evidence very clearly shewed, that *Read's* representations were intended as a warranty. And if it were competent to permit the defendant to shew a warranty, which, it is believed, will not be denied, it was most clearly competent to permit him to introduce the evidence, to which the plaintiff objects, for that purpose. We are therefore of opinion, that this objection must be overruled.

It then becomes a question, whether, as the defendant took and disposed of the timber, it is competent for him to say, that the timber was of no value ; and whether this is an answer to the present action ?

In cases, where the purchaser of a chattel seeks redress for some supposed wrong by rescinding the contract, he must shew whatever he received returned in the same plight, as when received ; and if this be not practicable, the contract cannot be rescinded. *Hunt vs. Silk,* 5 *East* 440.—1 *New Rep.* 260, *Taylor vs. Hare.*—7. *D. & E.* 181, *Giles vs. Edwards* —*Lawes' Pl. in Assumpsit* 28–39.—*Douglas* 23, *Weston vs. Downs.*—*Cowper* 818, *Power vs. Wells.*—15 *Mass. Rep.* 319, *Conner vs. Henderson.*—3 *Esp. N. P. C.* 82, *Curtis vs. Hannay.*

And a return of the chattel must be shewn, whether the contract be rescinded in pursuance of some stipulation it contains for that purpose, or on the ground of fraud and misrepresentation ; and whether the purchaser seeks to recover back the price paid, in an action for money had and received, or to avoid the payment of a note or bill, which may have been given for the price. *Doug.* 23.—1 *D. & E.* 133, *Towers vs. Barrett.*—*Sugden* 199, 4 *Mass. Rep.* 502, *Kimball vs. Cunningham.*—2 *Taunt.* 2, *Lewis vs. Cosgrove.*—1 *Campbell* 40, *note, Flemning vs. Simpson.*

But in an action upon a warranty, it is not necessary to shew the chattel returned, unless a return was stipulated.

Shepherd
*vs*
Temple.

*2 H. Bl.* 573, *Adam vs. Richards.*—*1 H. Bl.* 17, *Fielder vs. Starkin.*—*2 D. & E.* 745, *Buchanan vs. Parnshaw.*

Indeed we are not aware, that a return of the chattel is necessary to be shewn in any case, unless it be, when the purchaser attempts to seek redress by rescinding the contract.

In the case now before us the defendant has not attempted to rescind the contract ; but he rests his defence upon the ground, that the note was in truth given without any consideration. And the only remaining question is, whether, there being a warranty, the note can be avoided on the ground, that there has been a breach of the warranty, and that the article, for the price of which the note was given, has turned out to be of no value ?

There has been some diversity of opinion upon the question, whether in assumpsit for goods sold with a warranty at an agreed price, a breach of the warranty could be given in evidence to reduce the damages. 7 *East* 480, *Cormack vs. Gillis.*—7 *do.* 481, *note, King vs. Boston.*—3 *Esp. N. P. C.* 82, *Curtis vs. Hannay.*—13 *Johns.* 302, *Beecker vs. Vrooman.* —1 *Campbell* 190, *Fisher vs. Samuda.*

But we are not aware, that it has ever been doubted, when an article was sold with a warranty, that it was good, and a note given for the price, that, if the article turned out to be good for nothing and the consideration failed entirely, the note was void. In *Morgan vs. Richardson* (1 *Campbell* 40,) *Lord Ellenborough* held, that, when in such a case the consideration failed entirely, it was a good defence ; although it would be otherwise, if it partially failed. 8 *Johns.* 453, *Jones vs. Scriven.*—*Chitty on bills* 89.

It is a well settled general principle of law, that, when the consideration of a note fails entirely, the note is not binding between the original parties to it. And we are of opinion, that, under the circumstances of this case, it is a good defence to the action, that the timber, for which it was given, was of no value. It would, in our judgment, be very idle to reject this defence, and compel the defendant to seek redress by an action upon the warranty, when complete justice may be done between the parties in this case. We are of opinion, that       *There must be judgment on the verdict.*