## THOMAS S. TILLOTSON, admin. *versus* JACOB GRAPES.

Where the only consideration of a prommissory note was a promise by the payee to convey to the maker, on payment of the note, a tract of land if the payee should own it, and if not, to buy it of the owner as cheap as he could and let the maker have it for what it should cost—and the payee died insolvent, before the note became due, without any title to the land—it was held that the consideration of the note might be considered as having totally failed, and that the maker had a right to treat it as a nulity.

ASSUMPSIT upon a note for $75, dated March 10, 1820, and payable to John M. Tillotson, the intestate, in three years, with interest annually.

The cause was tried here upon the general issue, at November term, 1825, when it was admitted that the defendant made the note, but he offered in evidence, a contract made at the same time between him and the payee, as follows :—

" In consideration that Jacob Grapes has relinquished the Spaulding lot, in Northumberland, and given me his note for $75, payable in three years, and interest, I promise him on the payment of the above, to deed him a lot of land in Winslow's location, on which he has made a pitch, supposed to be lot No. 5, in the fifth range, should I own said lot ;—and if not, to buy said lot of the owner as cheap as I can, and let him have it for what I have to give ; he paying all taxes from this time, March 10, 1820."

Before the note became payable, John M. Tillotson died, without any title to the lot of land mentioned in said contract, and insolvent.

A verdict was taken for the plaintiff by consent, subject to the opinion of the court upon the foregoing case.

*Peverly* and *Cushman*, for the plaintiff.

*Williams*, for the defendant.

The opinion of the court was delivered by

RICHARDSON, C. J. The note, on which this action is founded, and the promise of the intestate, which is stated in the case, being made at the same time, and relating to the same matter, the whole must be considered as one transaction ; and the amount of the agreement between the parties seems to have been that the defendant should relinquish the Spaulding lot, and pay $75, in three years, with interest annually, and that the intestate, on the payment of that sum, should convey to the defendant a certain lot of land if he owned it, and if not, should buy it as cheap as he could, and let the defendant have it for what it might cost. It is stated in the case, that Tillotson, the intestate, did not own the lot at the time of his decease ; it is therefore apparent, that the only benefit

the defendant could have derived from the contract, had the intestate lived, must have resulted from the personal services of Tillotson, in purchasing the land for him at the lowest price, and this benefit has now been wholly lost by the death of Tillotson. The consideration, then, which induced the defendant to make the contract has failed altogether. It is true, that the promise of the intestate may be considered as the consideration of the note. But when a promise of the payee is the consideration of a note, and that promise fails altogether, so that the maker of the note loses all the advantage he might have expected to derive from it, and nothing is left to him but a mere right of action for the breach of that promise, we are of opinion that he may waive that right of action, and treat the whole agreement as a nullity, if he so choose, and thus avoid the note. In such a case, the real substantial inducement which led the maker of the note to enter into the contract having totally failed, justice requires that he should not be held to perform the contract on his part against his will. He may, if he please, perform the contract on his part, and resort to an action for the breach of the contract on the other side; but he is not to be compelled to do this. These principles, we consider as well settled by authority.

In *Frisbee* v. *Hoffnagle*, 11 Johns. 50, where the consideration of a note was a deed purporting to convey certain lands with a covenant of warranty, but the grantor had in fact no title which he could pass to the grantee, the consideration was held to have failed entirely, notwithstanding the covenant, and the note to be void.

In *Shepherd* v. *Temple*, 3 N. H. Rep. 455, we held, that in an action on a promissory note, given for the price of goods sold with a warranty, it was a good defence, that the goods turned out to be of no value.

In *Liddard* v. *Kain*, 2 Bing. 183, where horses were sold, under an agreement to deliver them sound at the end of a fortnight, and they were delivered at the end

of a fortnight, but not sound ; in an action for the price, the jury found for the defendant, and the court refused a new trial.

In *Fisher* v. *Samuda*, 1 Camp. 190, Lord Ellenborough was of opinion, that when an action was brought for the price of goods sold with a warranty, a breach of the warranty might be, under certain circumstances, an answer to the action.

In *Farrar* v. *Nightingal*, 2 Espin. N. P. C. 639, it was ruled, that money paid by one party under a written agreement, which the other party was unable to perform, might be recovered back in action for money had and received.

In *Wheeler* v. *Board*, 12 Johns. 363, it was decided, that money paid in advance for services agreed to be performed, may be recovered back in an action for money had and received, in case of the non performance of the services.

In *Giles* v. *Edwards*, 7 D. & E. 181, it was held, that where one party to a contract is prevented from carrying the same into execution by the neglect of the other party, the party thus prevented is at liberty to consider the contract at an end, and to recover back any money he may have paid under it, on the ground that the consideration has failed.

In *Weaver* v. *Bentley*, 1 Caine's Rep. 47, it was held, that if a person bind himself under hand and seal to do a certain act for a certain consideration, and he fail to do the act, assumpsit will lie to recover back the consideration paid.

Even in covenant for rent, if the defendant has been evicted, he has a right to show that he does not enjoy that which was the consideration of his covenant to pay rent, and this is a good defence, notwithstanding he has bound himself by the covenant. Woodfall, 342 ; 1 Ld. Ray. 77, *Dalston* v. *Reeve*.

In *Tomlinson* v. *Day*, 2 B. & B. 680, where a lessee took a farm under an agreement, the terms of which his les-

sor in a material point failed to fulfil, in an action for the use and occupation of the farm, it was held, that the jury might ascertain the value of the land without regarding the amount of rent reserved by the agreement, the court remarking, that an agreement between lessor and lessee was only evidence of the amount of rent to be paid when the lessee had enjoyed under such agreement, but in that instance the lessor having failed to fulfil the agreement in the chief object which had induced the lessee to propose becoming a party to it, the lessee could scarcely be said so to have enjoyed.

These cases seem to us to establish the principles we have laid down, and we find nothing to the contrary, with the exception of the remarks of Mellen, C. J. in *Lloyd* v. *Jewell*, 1 Greenl. 352. But that was a case of a partial failure of consideration, and the case did not require the decision of the question, whether the note would have been void, had the consideration entirely failed. And although we entertain the highest respect for the talents and legal acquirements of the learned judge, we are inclined to think that the reasons on which he grounds his opinion are not sufficient to sustain it. For although it may be true, that assumpsit will not lie where the debt is due by specialty, and in general where there are several covenants, promises, or agreements, which are independent of each other, one party may bring an action against the other without averring performance on his part ; and a breach of a covenant on the part of the plaintiff is no plea for the defendant ; yet still, if the consideration of a promise, let that consideration be what it may, utterly fail, the promise is void, whether it be dependent or independent. Nor do we see any injustice, where land has been conveyed with warranty, and a note given for the price, in permitting the maker of the note to elect to consider the contract at an end, if nothing passed by the deed. No injustice is done to the payee. For the case supposes his title to have failed alto-

Tillotson
*v.*
Grapes.

gether, and whether the consideration of the conveyance was more or less than the value of the land, he has no right to complain, when the law releases the other side from the performance of a contract, which he has made without the power to give it effect on his part. It is very clear, that if the maker of the note, in such a case, elect to consider the contract at an end, he cannot afterwards maintain an action on the covenants in the deed.

We are, therefore, of opinion, that the defendant is in this case entitled to have

*A new trial granted.*