## EVANS *v.* GALE.

Money voluntarily paid by a party, upon a demand made, cannot be recovered back upon the ground of its having been paid in ignorance of the law, if he was under no mistake as to the facts.

One who seeks to rescind or avoid a transaction, and to recover back the money which he has paid, must first restore to the party of whom he seeks to recover it, whatever he may have received in the transaction, unless it be perfectly worthless.

A note cannot be held to be worthless upon proof merely that the maker is poor and in debt.

ASSUMPSIT, to recover $12.50, paid by the plaintiff to

the defendant under the circumstances described in the opinion of the court.

*Eastman*, for the plaintiff.

*Fogg*, for the defendant.

WOODS, J. The plaintiff in this case, having held a note against one Knight, had indorsed it in a manner to save himself from liability. The note, in this form, came into the hands of the defendant, who found means to induce the plaintiff to pay the note under a belief that he might be holden, notwithstanding the qualified terms of the indorsement. This act entitled the plaintiff to the possession of the paper, and it was accordingly delivered to him. It was his, as it would have become his in case he had purchased it.

This transaction the plaintiff seeks to avoid, and to recover back the money that he has paid, upon the ground that it was brought about by means of imposition; and that the payment was made by him through mistake as to his rights. Two questions are presented. One of these is wholly irrespective of any measures supposed to have been employed to cause a mistake, and arises upon the instructions given by the court at the trial, to the effect, that if the plaintiff paid the money by reason of a misapprehension of his legal rights, or of the law as affecting his rights in the case, he was entitled to recover back, in the present action, the money so paid. The other proceeds upon the ground that the payment was induced by such causes, or made under such circumstances, as would entitle the plaintiff to treat the transaction as a nullity, and to insist upon being restored to the position in which he stood before he was drawn into it. This question is, whether, before bringing the present action, he ought to have offered to restore the note to the party of whom he

received it, upon making the payment; or, in other words, whether, before he had the right to consider the money which he had paid to Gale as money had and received by Gale for the use of the plaintiff, it was necessary for him to restore to Gale what he had received from him, and for which he had paid that money.

On the first of these questions the law is perfectly clear that where a man demands money of another as a matter of right, and he pays it, with a full knowledge of the facts upon which the demand is founded, he never can recover back the sum he so voluntarily paid. By submitting to the demand, he that pays the money gives it to the person to whom he pays it, and makes it his, and closes the transaction between them. The language of *Gibbs*, J., in *Brisbane* v. *Dacres*, 5 Taunt. 152, expresses the substance of the doctrine of many authorities. "Every man is to be charged at his peril with a knowledge of the law, and there is no other principle which is safe or practicable in the common intercourse of mankind." *Kent*, Ch., in *Lyon* v. *Richmond*, 2 Johns. Ch. 57. To the same effect are *Bilbie* v. *Lumley*, 2 E. 469; *Stevens* v. *Lynch*, 12 do. 38; *Sprague* v. *Birdsall*, 2 Cow. 419; *Clark* v. *Dutcher*, 9 do. 674; *Lowry* v. *Bourdieu*, Doug. 470; *Buckley* v. *Stewart*, 1 Day 133.

The mistake or ignorance which takes from the act performed its voluntary character, and from the party performing it his power of election, and which is equivalent in its effects to constraint, is a mistake or misapprehension as to facts, and not as to the law. The instructions of the court were the contrary of this, and the verdict should for that cause be set aside.

As to the other question stated, if one has been induced to make a contract to pay money, or to deliver any thing, by such means that he is entitled to rescind the transaction, he must, in order to do so, first restore to the other party whatever may have been received in exchange for

the money or other thing he seeks to recover back, and to which he would become entitled as his own property immediately upon the rescission of the act, whose proper effect would have been to vest it in the other party. *Shepherd* v. *Temple,* 3 N. H. Rep. 455; *Luey* v. *Bundy,* 9 do. 298. Of this there is no question; but it is said by the plaintiff that the note which he received of the defendant, to which he became entitled on paying the money which he now seeks to have restored to him, was of no value, and that he is therefore excused from restoring it. What might be found to be the rule of law if the note could be regarded as wholly worthless, it is not necessary now to determine; for there is not evidence in the case that shows the note to be of such a character.

A witness testified that the signer of the note was poor, and that he had had a claim against him, which, by reason of the poverty of that party, he had been unable to collect. This is the substance of all the evidence that exists upon the subject.

But we are not to regard the note of an individual as wholly worthless, for the reason merely that he is regarded at the present time as being poor, or because he may not for a period of time be able to pay all or any part even of his debts. Before a note can be pronounced wholly worthless, that is actually due and legally binding upon the maker, it must appear not only that he is at present unable to pay any part of it, but it must be shown beyond all reasonable doubt that such inability will continue for the future. The party must be shown to be irretrievably poor, and unable to pay any thing, before the court can instruct a jury that his note is wholly worthless in the hands of the person to whom it is payable. It may not be easy to point out what kind of proof might be sufficient to establish such a proposition, but it is quite clear that the facts found do not remove all probability of future ability, and do no more than establish that he is at pres-

ent unable to pay.  It would be contrary to all experience to hold that the note of an individual is wholly worthless for the mere reason that he is at present unable to pay, or for the mere reason that such inability had continued for a period of time, and amounted even to a case of total poverty and destitution.  We cannot say, as a matter of law, that a note which is legally binding upon the maker of it, in favor of the party entitled to possession and control of it, is of no value whatever to that party, without much more being shown than appears in this case.

Without determining, therefore, whether a case is made by the evidence which could entitle the plaintiff to avoid his act, or to rescind the transaction upon other grounds than the mistake that has already been a subject of discussion, it is plain that the verdict must be set aside on account of the errors committed by the court in the particulars that have been mentioned.

*New trial granted.*