## WILLIAM CUNNINGHAM *v.* REED B. BROWN.

An action cannot be maintained by a party, against whom judgment is rendered in a case, against one who was called as a witness, on the trial of the cause, by the adverse party, and who gave false testimony and thereby injured the party, against whom the judgment was rendered.

A creditor of a deceased person cannot maintain an action against one who forged a note against the deceased, and procured the same to be allowed by the commissioners appointed to adjust the claims against the estate, the effect of which was to diminish the dividend which the plaintiff would otherwise have received upon his debt. *Anon.*, Windsor Co., cited by REDFIELD, J.

IN this case the plaintiff alleged in his declaration, in substance, that an action had heretofore been commenced against him and one Cyrus G. Straw in favor of R. & J. Wainwright, and that the defendant Brown made and swore to a false, fraudulent and fictitious deposition, to be used on the part of the plaintiffs on the trial of said action, and that the said deposition was material to the issue of said cause, and that Brown made the same knowing it to be false, and for the purpose of cheating and defrauding the plaintiff, and that the court trying said case were thereby deceived and misled, and that by force of said deposition alone judgment was rendered in favor of the plaintiffs in that case against the said Straw and Cunningham, whereby the said plaintiff, Cunningham, suffered damage.

To this declaration the defendant demurred; and the county court, BENNETT, J., presiding, adjudged the declaration insufficient. Exceptions by plaintiff.

*D. A. Smalley* and *E. J. Phelps* for defendant.

1. This action is an attempt to collaterally impeach the judgment in the action in favor of R. & J. Wainwright against Cunningham and Straw, and to recover back the money adjudged to and collected by the plaintiffs in that suit. It will be again trying, in a collateral way, the same cause which has been once tried and finally determined. This cannot be done; for there must be some end to litigation. *Corey* v. *Gale & Tr.*, 13 Vt. 639. *Stevens* v. *Tuttle*, 3 Vt. 519. *Briggs et al.* v. *Shaw et al.*, 15 Ib. 78. *Strong*

v. *McConnel*, 10 Ib. 231. *Loring* v. *Mansfield*, 17 Mass. 394. *Bostwick* v. *Lewis*, 2 Day 447. *Peck* v. *Woodbridge*, 3 Day 30. *Smith* v. *Lewis*, 3 Johns. 157.

2. If the defendant has committed perjury, he must be punished by indictment, and not by a civil suit; *Bostwick* v. *Lewis*, 2 Day 447; *Peck* v. *Woodbridge*, 3 Ib. 30; *Smith* v. *Lewis*, 3 Johns. 157; *Eyres* v. *Sedgewick*, Cro. Jac. 601; *Damport* v. *Sympson*, Cro. Eliz. 520.

*Briggs & Underwood* for plaintiff.

It appears from the declaration, that the plaintiff has sustained an injury, and that by the wilful and malicious act of the defendant; and it is a fundamental principle in law, that, for every such injury there is a remedy; Co. Lit. 128. It is, however, contended, that the sustaining this action would be to overhaul the decision of the court in the case of *Wainwright* v. *Straw & Cunningham*. But the plaintiff does not impeach the decision of the court in that case; that decision was undoubtedly correct, upon the evidence which the court then had before them; but we contend, that the defendant ought to make reparation for the injury he has inflicted upon the plaintiff by his perjury in procuring a judgment to be rendered against the plaintiff. It is by reason of the judgment so rendered, and its binding force, that the plaintiff is subjected to damage; but we have no more to do with that decision, than in many other cases, in which actions have been sustained. *Ford* v. *Smith*, 1 Wend. 48. *Millard* v. *Jenkins*, 9 Wend. 298. *Amey* v. *Long*, 1 Camp. 14. 9 East. 472. Dougl. 556. *Smith* v. *Cattle*, 2 Wils. 376. *Watkins* v. *Baird*, 6 Mass. 506. 5 Mass. 407. *Whitelegg* v. *Richards*, 2 B. & C. 45. *Coxe* v. *Smith*, 1 Lev. 119. *Skelhorn* v. *Harrison*, Cro. Eliz. 714. *Barron* v. *Sleigh*, Cro Eliz. 628. *Perren* v. *Bud*, Cro. Eliz. 793.

We admit, that for telling a naked lie, or making a nude assertion, without any design to cheat or defraud another, an action cannot be supported; but when a person makes a false assertion or affirmation maliciously, by which another is injured, an action will lie; *Pasley* v. *Freeman*, 3 T. R. 54; and it is not necessary, that the defendant should receive a benefit from his fraud, or deceit, in order to sustain the action; 3 T. R. 54. It is a well settled princi-

ple, that an action on the case will be sustained for a false affirmation, made when the party is not under oath ;—*a fortiori*, when a person makes a false deposition with intent to defraud and does defraud, an action will be sustained.

It is also said, that the action is unprecedented. When cases are new in principle, we admit that the argument has weight; but when it is only new in the instance, it entirely loses its force. It is as competent and proper for courts to apply old principles to new cases now, as it was a century since.

It is also contended, that the act of the defendant was a crime, and therefore should be punished as such. The object of this suit is not to punish Brown for his perjury, but to make the plaintiff whole from the injury he has sustained from the defendant's wrongful act. Assault and battery and theft are crimes; but will it be contended, that an action cannot be sustained for the damage ? A recovery in this case will not clear the defendant from a criminal prosecution, should one be preferred against him ; and the party is not bound to proceed criminally for the injury. *Amey* v. *Long*, 1 Camp. 16.

The facts, upon which a judgment is founded, may always be examined into, when they are offered in evidence, except between the parties and privies to it. *Cook* v. *Field*, 3 Esp. R. 133.

If a witness make a false certificate as to the time he has attended court, or if a trustee discharge himself by false answers, an action will lie against him ; *Cook* v. *Holmes*, 1 Mass. 295 ; *Whitman* v. *Hunt*, 4 Ib. 272.

The opinion of the court was delivered by

REDFIELD, J. The effect of a recovery in this action must undoubtedly be a re-examination of the merits of the action in favor of R. & J. Wainwright against Straw and Cunningham, and must operate as a virtual reversal of that judgment. For this court here to decide that this declaration is sufficient will be virtually to order a new trial of the former action. But the technical objection, that the same matter has been formerly adjudicated between the same parties, is avoided here by the difference of parties in the two ac-tions. But the principle of the objection is the same, as if this case were between the same parties. It in effect leads to interminable

Cunningham *v.* Brown.

litigation of the same facts. For it is not enough to show, in this case, that the defendant swore falsely in the former action, but damage must be shown to have resulted therefrom. In order to do this, it must appear, that the testimony was material, and that it gained credit, and that this plaintiff had not then the means of disproving it, and that the defendant swore false knowingly; otherwise there would be no fraud,—and fraud and damage must concur, in order to sustain the action.

From this view of the case it will be evident, that the action cannot be maintained, without virtually putting it in the power of every suitor to re-examine every suit, in which he is cast, and to try the witnesses for perjury by instituting against them a civil suit. ' This course of things would be as interminable, as it is in its nature intolerable. The reasoning of KENT, Ch. J., in *Smith* v. *Lewis*, 3 Johns. 157, is fully in point; and that case is so nearly, in principle, the same with this case, that it may well be esteemed an authority, by which this case should be governed. But the case of *Damport* v. *Sympson*, Cro. Eliz. 520, is precisely the same as this case. *Eyres* v. *Sedgewick*, Cro. Jac. 601, is much to the same purpose. And the fact, that the action is one of new impression, as is said of the case of *Damport* v. *Sympson*, is reason enough, why it should not be sustained, except upon the most satisfactory grounds.

I have never known any case like the present attempted to be maintained. The one most analogous to it, which I now recollect, was one in the county of Windsor many years since, wherein it was attempted to maintain an action upon the case against one, for forging a note against a deceased person and obtaining an allowance by commissioners, whereby the plaintiff's dividend was lessened. The court, upon very full hearing, considered that the action would not lie, although there was clearly fraud and damage. 1. It would be re-examining the decision of the commissioners. 2. It would be trying and punishing the defendant for a crime in the form of a civil action. 3. It was thought, in that case, that the act, in its direct operation, was too remote to be any just ground of action in favor of another creditor to the estate. The two first grounds of that determination apply with equal force to this.

Judgment affirmed.