# Moses W. Gray et al.
## v.
## Benjamin Lindauer et al.

*Fraud—Interest—Procuring of Debtor in Failing Circumstances to Purchase Goods from Another—Special Finding—Evidence.*

A creditor who advises his debtor to purchase goods, with the object of deriving the benefit therefrom, is not liable to the seller thereof if the debtor purchases with honest intent.

[Opinion filed July 2, 1889.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Millard & Smith, for appellants.

Mr. B. M. Shaffner, for appellees.

GARY, J.  This is an action on the case.  Several counts
are for alleged fraud by appellants, in representing one Arm-
strong to be worthy of credit.

In answer to a special question, the jury have found that
there was no special fraud or deceit in the representation.
The last count of the declaration is, in substance, that the
appellants, having chattel mortgages on the property of Arm-
strong, who was insolvent, and intending to defraud the
appellees, induced and procured Armstrong to buy on credit,
goods from the appellees, with the intent on their part, of
converting them to their own use by means of the mortgages,
and that the scheme was successful.

The count is very long, and is a verbose attempt to plead
the evidence, which, if the appellees' view of the law be cor-
rect, would sustain a count in trover.  The count is to be taken
most strongly against the pleader.  This is a familiar rule.
People v. Swigart, 107 Ill. 494.  "In the proceedings of any
court, where an accusation is preferred, the minimum of alle-
gation is the maximum required in proof."  Denman, C. J.,
5 Ad. & E. N. S. 995, Francis v. Steward.  The count con-
tains no allegation of anything done by the appellants to
deceive the appellees, or of any collusion with Armstrong, or
that he did not buy with an honest intention and expectation
to pay for the goods.

It comes to this: can an action be maintained by one who
sells on credit to an insolvent, struggling honestly but unsuc-
cessfully to retrieve his fortunes, against a third person who
expects by the exercise of his power over the insolvent, to
get the benefit of the purchase, and for the purpose of realiz-
ing that expectation, persuades the insolvent to purchase, and
succeeds in his expectation, and the vendor remains unpaid?

There is no precedent for such an action.  Where there
has been fraud by the purchaser, participated in by the
defendant, the latter has been held liable.  Hill v. Perrott, 3
Taun. 274; Biddle v. Levy, 1 Stark. N. P. 20; Irving v. Motly,
7 Bing. 543.  But no case holds that where the purchaser
bought in good faith, and therefore acquired an indefeasible
title, a third person could be held liable for the price the pur-

chaser was unable to pay, on the ground that such third person, from whatever motive, had given the purchaser unwise advice for him to follow, and the adviser had derived a profit from it. The fact that there is no precedent for such an action is a strong though not conclusive argument against it. See Smith v. Hurd, 12 Metc. 371; Cunningham v. Brown, 18 Vt. 123; Rockingham v. Bosher, 39 Me. 253; Conn. Mut. v. N. Y. & N. H., 25 Conn. 265.

It is quite needless to review the evidence. If there had been the ordinary count in trover in the declaration, and no answer by the jury to any special question in the way, whether the evidence would support a verdict for the appellees, is not now a subject of inquiry; but the answers to the special question being, in effect, such as confine the verdict to the last count, and that being insufficient, the court might perhaps have been technically justified under the statute in entering judgment for the appellants. The statute, however, is not imperative, but at the least, the appellants were entitled to a new trial. Many other questions in the case are left untouched. The judgment must be reversed and the cause remanded.

