HARRY H. HOPKINS v. ALFRED J. MCCLURE

SUPERIOR COURT          HARTFORD COUNTY          FILE No. 81296

Memorandum filed January 9, 1950.

*Denis T. O'Brien, Jr.,* of Meriden, for the Plaintiff.

*Shipman & Goodwin,* of Hartford, for the Defendant.

CORNELL, J.  The action is brought by plaintiff as the only heir at law of Anna Yale Allis, hereinafter referred to as the decedent, who apparently was domiciled in Florida at the time of her decease in 1946.  While seven reasons of demurrer are addressed to the "Second Amended and Substituted Second Count," they all revolve about the proposition of law that the cause may not be maintained by an heir but only by the decedent's personal representative, who under the circumstances disclosed in the pleading would be an ancillary administrator appointed by a probate court in Connecticut.  The cause of action, itself, is not assailed, but only the right of the plaintiff as an heir to pursue it as it is alleged.

With this aspect to the fore it may be noticed that the second amended and substituted second count recites, in substance and so far as may be material to the question of law at issue, that, in pursuance of a scheme to procure for himself and family all or a substantial part of the decedent's estate, defendant (1) induced the decedent to execute a will while she was testamentarily incapable and, yielding to his undue influence, therein purported to give defendant her residuary estate; that following the de-

cedent's demise, defendant, in concert with his personal attorney, perpetrated a fraud upon the Florida court having jurisdiction of the probating of such testament and by representing to that court that the decedent had no surviving heirs prevented notice to plaintiff that the probate of the will pended there, thus obviating the possibility of contest of it; (2) that, prior to decedent's death and in pursuance of his fraudulent design, defendant prevailed upon decedent to transfer to him certain items of personal property and an interest in realty located at DeLand in the state of Florida and (3) caused her to execute an inter vivos trust instrument in which defendant and the Hartford-Connecticut Trust Company were named as trustees, to whom she transferred United States bonds, bank deposits and other securities to the value of about $77,000, and wherein it was provided that the balance of said fund remaining upon the decedent's death be paid over to defendant's wife or, in event of her prior decease, to defendant's issue. Plaintiff claims a small amount of damages, but principally equitable relief by a decree declaring the inter vivos transfers to be null and void and an injunction restraining defendant from disposing of the property real and personal transferred to the latter during decedent's lifetime; likewise from distributing any of the funds in his possession as trustee under the purported inter vivos trust. As respects the estate administered in the Florida court in accordance with the provision of the alleged invalid will, the court is asked to restrain defendant from assigning, receiving or accepting any part of the same and other like relief.

As already noted, the demurrer does not suggest that the allegations of the second amended and substituted second count do not sufficiently state a cause of action; it contends only that such as is alleged may not be maintained by plaintiff in the capacity of the decedent's sole heir and conversely that only the decedent's personal representative may be heard to complain of the wrong described. It is elementary that "title to intestate lands vests at once" upon the death of the owner, "subject only to such rights as might arise out of the need to . . . satisfy debts and expenses of administration. . . ." *Hardy* v. *Scott,* 127 Conn. 722, 723, quoting *Perkins* v. *August,* 109 Conn. 452, 456. "The administrator does not have title to the real estate." *O'Connor* v. *Chiascione,* 130 Conn. 304, 306; see *Warren* v. *Borawski,* 130 Conn. 676, 682. " . . . the legal title to personal property vests . . . in the executor or administrator, as the case may be, and the right which accrues to the beneficiary [at that time] is

purely equitable." *Blodgett* v. *Bridgeport City Trust Co.,* 115 Conn. 127, 144. It is implicit in this statement that the statute of distributions applies only to property owned by the intestate at the time of his decease, from which it follows that it does not operate upon property legally transferred or otherwise lawfully disposed of by an intestate before his death. *Hall* v. *Hall,* 91 Conn. 514, 519; *Harris* v. *Spencer,* 71 Conn. 233, 237, 41 Atl. 793. When, however, an intestate is deprived of lands or an interest therein while living, through lack of capacity to make a valid deed or other instrument of conveyance, it is not only the intestate who has been wronged but they, also, who upon his death would otherwise be entitled to share his real estate. In such a case an heir is a proper plaintiff to maintain an action to set aside the tainted conveyance upon the decease of his intestate if the latter while living has failed or was incapable of recovering the property of which he was deprived by such wrongdoing, especially where it does not appear that such real estate will be required to satisfy the intestate's debts, expenses of administration and the like. *Bowen* v. *Morgillo,* 127 Conn. 161, 168; see *Hall* v. *Hall,* supra, 519-520.

Leaving aside the claim of the procurement of the execution of the will while the testatrix was suffering from lack of testamentary capacity and responsive to defendant's undue influence exerted upon her, and also the decedent's making of the alleged inter vivos trust, it appears that she executed a deed to land at DeLand in the state of Florida. This fact without more, under the authorities cited, would make plaintiff, as the sole heir, eligible to maintain an action to have the conveyance set aside and that real property to be placed in the name of the decedent as of the time of her death. *Bowen* v. *Morgillo,* supra, 168. Under such circumstances, it is unnecessary to determine whether plaintiff in his capacity of the decedent's heir, rather than the deceased's ancillary administrator, may maintain the action with respect to personal property forming the corpus of the inter vivos trust or whether he is the proper party to assert the alleged cause for the procuring and illegally causing the will to be probated in the Florida court. But see in that connection *Folwell* v. *Howell,* 117 Conn. 565; *Hall* v. *Hall,* supra, 521. When a demurrer is addressed to a complaint as a whole, as is that here under advisement, it must be overruled if any cause of action therein asserted could be proven under the allegations made. *Folwell* v. *Howell,* supra, 568. "Where . . . several causes of action or several defenses are stated in a single pleading or

count, a demurrer may be addressed to such pleading or count in so far as it purports to state one or more of such causes of action or defenses." (Practice Book § 97), in the form explained in *Donovan* v. *Davis,* 85 Conn. 394, 398. If, as noted above, a count in a complaint contains more than one cause of action, a demurrer addressed to the complaint as a whole cannot be sustained unless the reasons assigned therefor embrace every cause of action contained therein. *Blakeslee* v. *Water Commissioners,* 106 Conn. 642, 648. As pointed out supra, the demurrer is addressed to the second amended and substituted second count as an entire pleading and since the facts provable under at least one cause of action pleaded therein may be sufficient, it is overruled.

### DEMURRER TO CLAIMS OF RELIEF

While the demurrer on file does not attack the merits of the cause or causes of action sought to be described in the pleading to which it is addressed, if the plaintiff is a proper party to assert the same, it nevertheless is evidence that the same is vulnerable in one or more respects to an attack upon the sufficiency thereto. It may not be improper to suggest that a careful reading of *Bowen* v. *Morgillo, Folwell* v. *Howell* and *Hall* v. *Hall,* all supra, may result in a revision in the second amended and substituted second count that may eliminate some or all of the present delinquencies. In view of the impending likelihood of such an eventuality there is no occasion to indulge in protracted discussion of the demurrer to the prayers for relief. Suffice it to say that the same infirmities which characterize the demurrer to the second amended and substituted count are discernible in that to the prayers for relief based upon it. For this reason, the demurrer to the prayers for relief is overruled.