[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE:DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Plaintiffs, Sherri Nicholas and Daryl MacGregor, are the grandaughters of decedent Catherine Andrulewicz and, under her will, the residuary legatees. Defendant, Dorothy Barry, is the niece of the decedent and her executrix. In counts ranging from breach of a fiduciary duty to fraud to conversion to breach of a constructive trust, plaintiffs allege that defendant assisted decedent with her finances before her death, was added to decedent's bank account and a Certificate of Deposit (CD) by making them joint and then shifted $60,000.00 of decedent's funds to the joint account after decedent executed a will leaving plaintiffs the residuary of the estate and defendant a general power of appointment over the funds in the account at the time the will was executed. They further allege that decedent intended that defendant function only as a trustee and distribute those accounts through the estate to them but defendant, decedent's executrix, instead kept same from the estate, depriving plaintiffs of those assets.
Defendant has moved for summary judgment on the sole basis that plaintiffs lack standing because only the executrix may sue for any fraud in connection with the decedent's accounts. By affidavit and certified copy of the probate court records, she has established that, inter alia, she was the executrix, the will was probated and the estate was distributed to plaintiffs but did not contain the alleged account and CD. The affidavit CT Page 12664 further indicates that the plaintiffs' attorneys were present at the hearing on the final accounting, examined the defendant executrix and made no written request to executrix to remove herself.
The proper method to raise the issue of standing is by a Motion to Dismiss, because standing implicates the court's subject matter jurisdiction. Stamford Hospital v. Vega,236 Conn. 646, 656 (1996). However because subject matter jurisdiction is at issue, the court must address it regardless of the procedural context. Cannata v. Department of Environmental Protection,239 Conn. 124, 134 n. 17 (1996). A Motion to Dismiss for lack of subject matter may be filed at any time, Stroiney v. Crescent Lake TaxDistrict, 205 Conn. 290, 294 (1987) and may be accompanied by affidavits under Practice Book § 143. Accordingly, the court will treat this Motion for Summary judgment as a Motion to Dismiss.
In deciding such a motion, the court must view the complaint in the light most favorable to plaintiffs, Savage v. Aronson,214 Conn. 256, 264 (1990), consider admitted all well plead facts and may look to the content of the supporting affidavits.Barde v. Board of Trustees 207 Conn. 59, 62 (1988). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State,190 Conn. 622, 624 (1983).
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . Standing requires no more than a colorable claim of injury; a plaintiff ordinarily establishes his standing by allegations of injury. Similarly, standing exists to attempt to vindicate `arguably' protected interests. "(Citations and internal quotation marks omitted.) Gay LesbianLaw Students Assn. v. Board of Trustees, 236 Conn. 453, 466
(1996).
As a general rule, only the executor may bring suit to recover property which has wrongfully been withheld from an estate. Hall v. Hall,91 Conn. 514, (1917); 26A C.J.S. Descent and Distribution Sec. 85(c) (1956). However there is an established exception when the executor is also the individual claimed to have wrongfully deprived the estate of assets. "As a rule, heirs or distributees of the estate . . . may CT Page 12665 maintain actions to enforce or protect their interests . . . in case of fraud, collusion or refusal to sue on the part of the administrator." 26A C.J.S. Descent and Distribution Sec. 85(a) (1956). See also 31 Am.Jur.2d, Executors and Administrators, § 1285 Those cases which defendant has cited for the proposition that only the executrix defendant could bring this suit do not involve scenarios where the defendant was both claimed defrauder and representative of the estate. Here the plaintiffs allege, reading the complaint in the light most favorable to them, wrongful actions by defendant in the series of acts commencing with the establishment of the joint accounts and including her failure to include the account and CD in the estate of which she was executrix and they the heirs. The plaintiffs allegations fall within the established exception to the general rule noted above, they have made a colorable claim of injury and therefore have standing to pursue these claims.
To the extent defendant claims plaintiffs lack standing because the probate proceedings are res judicata, such claim is inappropriately raised. The doctrine of res judicata does not impact standing. "Res judicata does not provide the basis for a judgment of dismissal; it is a special defense that is considered after any jurisdictional thresholds are passed."Labbe v. Pension Commission, 229 Conn. 801, 816 (1994).
The motion is denied.
James T. Graham, Judge of the Superior Court.