Bourne *v.* Stevenson.

EDWARD E. BOURNE, judge of probate, *vs.* WILLIAM STEVENSON & others.

*Administrator's bond—breach of. Evidence. Practice.*

An omission on the part of an administrator to include in his inventory, within the time prescribed by the statute, an amount of money deposited in a savings institution, known by him when he accepted his trust to belong to the estate of his intestate, is a breach of his official bond.

In the trial of an action on an administrator's bond for an alleged breach in knowingly omitting to include in his inventory an amount of money deposited in a savings bank, it is not competent for the administrator to show by a witness that about the time the administrator was appointed and before he returned his inventory, the witness consulted counsel in behalf of the administrator as to whether or not the deposit should be inventoried, and that the witness communicated to the administrator the advice given.

Nor, in such case, is it competent for the administrator to testify that in omitting to inventory the deposit he acted upon the belief, after being so advised by counsel, that it was not a part of the intestate's estate, and that he had no right to include it in his inventory.

In the trial of an action on an administrator's bond for an alleged breach in knowingly omitting to include in his inventory an amount of money deposited in a savings bank and belonging to the estate, the requested instruction that, " if the administrator, before he returned his inventory, proved that the deposit was claimed by " two other persons specified, and "if he consulted counsel as to his duty in inventorying the money, and was advised by counsel and believed that he had no right to inventory and administer upon it, then the omission to inventory would not be a breach of the bond," was properly withheld.

So with the requested instruction that " if the deposit was claimed" by the two persons named, " and none of it was ever received by the administrator, then the omission was no breach."

A citation to the administrator to inventory property belonging to the estate is not a necessary prerequisite to the maintenance of an action on the administrator's bond, for knowingly omitting to inventory such property.

Nor is the judgment of the probate court, upon such a citation, admissible evidence in such action, especially when an appeal therefrom is pending.

In the trial of an action on an administrator's bond, for an alleged breach in knowingly omitting to inventory a certain sum of money deposited in a savings bank and belonging to the estate, the presiding judge declined to instruct the jury, at the defendant's request, that if they believed the testimony of a certain witness as to what the intestate said and did when the bank-book was put into the witness' hand, that transaction amounted to a gift of the money to two certain persons; but he did accurately state to the jury the law concerning gifts; *Held,* that the defendant had no cause for exception.

When, in the trial of such an action, no instructions are asked in relation to the administrator's knowledge of the existence and of the intestate's ownership of the deposit, and no exception is taken to those given upon the subject, the instructions will be presumed to be correct.

ON EXCEPTIONS, AND MOTION to set aside the verdict for the plaintiff, as being against the weight of evidence.

DEBT on an administrator's bond, brought by special leave of the judge of probate for this county. Plea, *non est factum*, with brief statement alleging full performance on the part of the defendant, Stevenson. The plaintiff replied, by way of counter-brief statement, that the defendant had not fully performed the conditions of the bond, in that he had not returned any true or perfect inventory of the estate of the intestate, in that he had not included in the inventory of said estate the deposit made by said intestate in her life-time, in the Saco and Biddeford Savings Institution, and belonging to said estate at the time of the decease of the intestate.

The defendants' counsel. asked the witness, Nehemiah Hill, " Whether about the time the defendant, Stevenson, took out administration, and before he returned his inventory, he consulted counsel for Stevenson as to whether the money in the savings bank should be inventoried, and whether he communicated to Stevenson the legal advice given." The presiding judge sustained the plaintiff's objection and excluded the evidence.

The defendants also offered the testimony of Stevenson, " that in omitting to inventory the deposit in the savings bank, he acted upon the belief, after being so advised by legal counsel, that it was not part of Alice Murch's (the intestate) estate, and that he had no legal right to include it in his inventory and account," but the presiding judge excluded it.

Three of the requested instructions appear in the opinion.

The defendant requested the presiding judge to instruct the jury, " That if they believed the testimony of Nehemiah Hill, as to what was said and done by Mrs. Murch at the time the bank-book was put into his hands, that transaction amounted to a gift of the money in the savings bank to the two daughters, Mrs. Hill and Mrs.

Bourne *v.* Stevenson.

Stevenson." The judge declined to give the instruction; but did instruct them,

" That Mrs. Murch had a right to give the money deposited in the bank to Mrs. Hill and Mrs. Stevenson. This she might do without any instrument of conveyance in writing. She might do it by a verbal declaration and a delivery of the evidence of its deposit. It was not necessary that the book should be placed in the hands of 'either Mrs. Hill or Mrs. Stevenson. It might be placed in the hands of a third person for them. It is not necessary that they should have the right to the immediate possession of the money. It is necessary, however, that it should at once vest in them the property without the right of revocation by Mrs. Murch. Its immediate possession might be intrusted to another party for a time even, during the life of Mrs. Murch. Mrs. Murch must, however, have parted with all property in it, and have no power to recall the gift. The immediate possession of the book may be intrusted to another party, and the money intrusted to another party and held for them even for the life-time of Mrs. Murch. Mrs. Murch must, however, have no power to control the gift in any manner. That would constitute a gift to Mrs. Hill and Mrs. Stevenson.

" If, however, she intrusted the book to Mr. Hill, with instructions to draw from the bank, after her decease, such money as might remain there, and then give it in equal proportions to Mrs. Hill and Mrs. Stevenson, that would be an authority which she might revoke, and would not constitute a gift in the life-time of Mrs. Murch.

" That in relation to the matter of citation, the record which has been put into the case discloses sufficient evidence of a citation, and refusal to inventory, if any was needed, to authorize this plaintiff to maintain this action, if he is otherwise entitled under the evidence, and the rules which I have given."

The verdict was for the plaintiff, and the defendants alleged exceptions.

*Edwin B. Smith,* for the plaintiff.

*J. M. Goodwin,* for the defendants.

APPLETON, C. J. This is an action of debt on the administration bond of William Stevenson, administrator on the estate of Alice Murch, and conditioned among other things that the said administrator, " do make, or cause to be made, a true and perfect inventory of all and singular the real estate, goods, and. chattels, rights and credits of said deceased, which have or shall come to the hands, possession, or knowledge of him, the said administrator, or into the hands or possession of any other person or persons for him, and the same do exhibit, or cause to be exhibited, upon oath into the registry of the court of probate of the said county, within three months of the date hereof," etc. The action is brought by leave of the judge of probate.

The breach alleged consists in neglecting and refusing to include in the inventory returned a sum of money deposited by said Alice, with the Saco & Biddeford Savings Institution, and belonging to her estate at the time of her decease, which sum and deposit came to the knowledge of said Stevenson at the time of his acceptance of said trust and before the return of any inventory by him.

The defense was, that the deposit did not belong to the estate of Alice Murch, and that the administrator had no knowledge that it did belong to her estate. The verdict of the jury was for the plaintiff, and must be regarded as establishing both facts, i. e., that the deposit belonged to the estate of Mrs. Murch, and that the administrator knew of such deposit, and that it did belong to said estate.

The omission to include the deposit belonging to the estate of Mrs. Murch, under the circumstances as we must assume they were found to exist, was a clear breach of the bond. In delivering the opinion of the court in Potter v. Titcomb, 2 Fairf. 167, Weston, J., says, " The law of Massachusetts, in force when the bond was given, clearly made it the duty of the administrator, within three months, to cause an inventory to be made of the estate of the deceased. And, by the condition of the bond, it was to be a true and perfect inventory of all and singular the goods, chattels, rights, and credits of the deceased, which have or shall come to the hands,

possession, or knowledge of the administrator. The judge of probate has no power to dispense with this duty. His authority was limited by law; and the bond was for the security of all persons interested in the estate. No citation in the probate court was necessary, as the court has holden in this case, to render the administrator liable upon his bond for not returning a true and perfect inventory." *Potter* v. *Titcomb*, 1 Fairf. 53.

The administrator having knowledge, as the jury must have found, of this claim belonging to the estate of his intestate, was bound to include it in his inventory within the time specified in his bond. The omission so to do was a breach of duty. It does not appear that all the instructions given were reported. No instructions were asked in relation to the fact of knowledge of the existence of this claim on the part of the administrator, and no exceptions are taken to those given, except as will be hereafter considered. The instructions given must, therefore, be presumed to be correct,—and it is to be assumed that the jury were directed to find for the plaintiff only in case the deposit belonged to the estate of the intestate, and that the administrator had knowledge that such was the fact.

The defendants have filed numerous exceptions to the rulings and refusals to rule of the presiding justice, which it becomes necessary to consider.

1. The question proposed to Nehemiah Hill, " whether about the time the defendant, Stevenson, took out administration, and before he returned his inventory, he consulted counsel for him (Stevenson) as to whether this money in the savings institution should be inventoried, and whether he communicated to Stevenson the advice given," was clearly inadmissible. It does not appear that the counsel was fully apprised of all the facts. If the advice was wrong, it would constitute no defense. If right, the defense would rest upon the facts proved and the law applicable to them, and not upon the opinion of counsel. The answer to the question, whatever it might have been, would have been immaterial.

2. So the proposed testimony of Stevenson, " that in omitting to inventory the deposit in the Saco & Biddeford Savings Bank, he

acted upon the belief, after being so advised by legal counsel, that it was not part of Alice Murch's estate, and that he had no right to include it in his inventory and account," was properly rejected. Erroneous advice of counsel would constitute no justification, even when the counsel were informed of all the facts. But it does not even appear that such was the case.

3. The request that "if the defendant, Stevenson, before he returned his inventory, found that the money was claimed by Mrs. Hill and Mrs. Stevenson, and if he consulted counsel as to his duty· in inventorying this money, and was advised by counsel and believed that he had no right to inventory and administer upon it, then the omission to inventory would not be a breach of the bond," was properly refused. The mere claim of a third person would afford no sufficient reason for not inventorying property unless well founded. It does not appear that the counsel, whose advice was given, were made acquainted with all the facts, and if they were, the belief of the administrator, in the correctness of the opinion given, would constitute no defense. If the administrator knew the facts he must act upon such knowledge, and it will be no justification that his own views of the law were erroneous, or that he acted upon the mistaken views of others upon whose judgment he relied.

4. The request that "if the deposit in the savings institution was claimed by Mrs. Hill and Stevenson, and none of it was ever received by the administrator, then the omission to inventory is no breach of the bond," should not have been given. An unfounded claim and one known to be unfounded might be made, but that would be no justification for neglecting to inventory the property thus wrongfully claimed. It has been held to be the duty of the administrator to inventory property fraudulently conveyed by the deceased as against his creditors. *Booth* v. *Patrick*, 8 Conn. 283; *Andrew* v. *Doolittle*, 11 Conn. 283. The title in case of fraud would appear in the grantee, and the administrator must know of the existence of the fraud. In the case under consideration it was well known to the administrator that the apparent title to the deposit was in deceased, and, *prima facie*, it should have been

inventoried. The jury have found the deceased never parted with it.

5. It has been previously determined by this court that a citation to the administrator to inventory is not necessary as a prerequisite to the maintenance of an action on the administration bond for a neglect to inventory. *Potter* v. *Titcomb*, 1 Fairf. 53 ; S. C. 2 Fairf. 167. It was his duty to inventory without citation. The breach of the bond occurred when the time limited for inserting this claim in the inventory had elapsed without its being done.

6. It is conceded by the counsel for the defendant that the law, as applicable to the alleged gift from the deceased to Hill, in trust for the daughters of the deceased, was technically correct. A judge is not bound to give instructions in the words of a request. It is sufficient that the law is accurately stated, though in different language. That it is accurately stated is not denied.

7. The judgment of the probate court in the matter of the citation to the administrator to inventory the deposit was vacated by the appeal. The case is before the court upon that appeal. The evidence was inadmissible except to show that there was such a citation and there had been proceedings under it, but not to show the judgment of any court. Besides, the petition was long after a breach of the bond had occurred, and cannot in any view affect the right to institute and prosecute this action.

8. The motion for a new trial must be overruled. The jury is the tribunal appointed by law for the determination of facts, and the court will be slow in setting aside their conclusions. The degree of credit to be given to a witness is specially for their determination. They see the witnesses and can judge of the just degree of credence to be given to their testimony, better than we can upon a mere report of the evidence. *Exceptions and motion overruled.*

KENT, WALTON, BARROWS, DANFORTH, and TAPLEY, JJ., concurred.