JEREMIAH LYNCH vs. HIRAM L. HALL.

A declaration alleged that the defendant was indebted to the plaintiff in the sum of eight hundred dollars for money advanced by the plaintiff to the defendant at his request, which debt the defendant fraudulently contracted by falsely representing to the plaintiff that he would pay over said sum to one A for the benefit of the plaintiff, by means of which false representations the plaintiff was induced to pay said sum to the defendant; and that the defendant obtained the same with intent to defraud the plaintiff out of the same, and has ever since refused to pay the same over to A. Held to be a good declaration for a fraud at common law, but not for a fraud under the 370th section of the act concerning civil actions.

When fraud is clearly proved it should never be allowed to shield itself behind defences that are purely technical, unless the technical difficulty is insuperable.

TRESPASS ON THE CASE for obtaining money by fraud; brought to the Superior Court in Middlesex County.

The declaration was as follows:—That the defendant, on the 12th day of August, 1873, was indebted to the plaintiff

in the sum of eight hundred dollars, for money before that time had and received by the defendant to and for the use of the plaintiff, and for money lent by the plaintiff to the defendant at his request, which debt the defendant fraudulently contracted, by falsely, fraudulently and deceitfully representing to the plaintiff that he would pay over the said sum of money to Charles G. Arnold of said Middletown for the benefit of the plaintiff, by means of which false representations he induced the plaintiff to pay over to the defendant the said sum of money, whereas the defendant when the said debt was contracted did thus obtain said sum of money with the intent of cheating and defrauding the plaintiff out of the same. And the plaintiff says that the defendant has neglected and refused to pay over to said Charles G. Arnold said sum of money, although he received the same for that purpose, but has disregarded his promise, and, with the wicked purpose of cheating and defrauding the plaintiff out of the benefit thereof, still wrongfully holds said sum of money in his possession. The plaintiff further says that the defendant has at all times neglected and refused to pay said debt and the same is still due. And the plaintiff says that by the fraudulent and deceitful conduct of the defendant, he has been damaged in the sum of nine hundred dollars, to recover which with just costs this suit is brought.

The defendant suffered a default and the case was heard in damages. Upon the hearing the court (*Minor, J.,*) found the following facts, and made the finding a part of the record.

Prior to the 28th day of June, 1872, the plaintiff had made arrangements for purchasing a house and lot in the city of Middletown, of one Charles G. Arnold, who was then the owner. The plaintiff had paid to Arnold the sum of $500 upon the purchase. At this time the defendant, who was superintendent of the factory in which the plaintiff had a contract, and pretended to take a deep interest in the plaintiff, who was a young man, while the defendant was considerably older, represented to the plaintiff that he would complete the bargain with Arnold for the house and lot. On the 28th of June the defendant pretended to the plaintiff that

he had made arrangements with Arnold for the house and
lot, and that the plaintiff must put in his hands that day the
sum of $200. The plaintiff, relying upon the honesty and
good faith of the defendant, paid him the $200 to be applied
on the purchase. The defendant obtained the money from
the plaintiff without any design of paying for the house and
lot in question for the plaintiff, but with the intent of de-
frauding him out of the same, and of converting it to his own
use, which he fraudulently did. As soon as the defendant had
received this money from the plaintiff, and on the same day,
he said to the plaintiff that he (the plaintiff) must go im-
mediately to Boston, and obtain $500 more, and give it to
him, and he would then complete the purchase. The plaintiff
accordingly on that same day went to Boston, and returned
a few days afterwards with the $500, which he paid over to
the defendant, to be applied on the purchase. This $500
the defendant obtained from the plaintiff with the intent of
defrauding him out of the same, and converting the same to
his own use, and had this fraudulent intention when he sent
the plaintiff to Boston for the money. The $500 was paid
by the plaintiff to the defendant on the 3d day of July, 1873.
The defendant did not in fact pay any portion of the money
obtained from the plaintiff towards the purchase of the house
and lot, but fraudulently converted the same entirely to his
own use, and has since retained the same.

Upon these facts the court rendered judgment for the plain-
tiff for $657 damages and his costs. The defendant brought
the record before this court by a motion in error, assigning
as error the insufficiency of the declaration and the finding
of facts not averred in the declaration.

*Fowler*, for the plaintiff in error.

*Calef* and *Bacon*, for the defendant in error.

PHELPS, J. The declaration substantially alleges that the
defendant was indebted to the plaintiff for money had and
received to and for the use of the plaintiff, and for money

lent by the plaintiff to the defendant at his request, which debt the defendant fraudulently contracted by falsely, fraudulently and deceitfully representing to the plaintiff when the debt was contracted that he would pay the money to a third person on account and for the benefit of the plaintiff, by means of which false representation he induced the plaintiff to pay him said money, and that he obtained the same from the plaintiff with intent to cheat and defraud him, and has never paid it to such third person, or to the plaintiff, but has refused so to do, and fraudulently retains it to his own use.

Judgment by default was rendered against the defendant, and upon a hearing in damages the Superior Court adjudged the plaintiff entitled to recover. The defendant by motion in error brings the record before this court, and relies on the claim that the declaration alleges no legal cause of action, and that therefore the awarding of damages upon the judgment by default was erroneous.

The declaration is in some respects inaptly and inartificially drawn; and contains some expressions which indicate that the draftsman intended to base his action on section 370, of title 1, of the Revised Statutes, and the claims of the defendant are evidently predicated on the assumption that the declaration is for statutory fraud in contracting a debt, and not adapted to a case for fraud at common law. It is quite obvious that it does not set out a debt arising from any express contract between the parties, and if we were to undertake to vindicate the judgment of the Superior Court upon the idea that it does, we should meet with very formidable difficulties. The real gist of the declaration consists in the allegation that the defendant fraudulently induced the plaintiff to intrust him with his money to pay to another person for the use of the plaintiff, which he designed to, and did, appropriate to his own use. Stripped of the extraneous and unnecessary expressions accompanying the allegation, such is its rational interpretation. The essential elements of confidence by the plaintiff, and falsehood and deceit by the defendant, attended with serious and premeditated injury to the plaintiff, are distinctly averred, which combined constitute

an aggravated case of common law fraud ; and notwithstanding the want of complete accuracy and precision in the language used, we discover no serious ˉobstacle in the way of sustaining the declaration as for a fraud of that character. We should be strongly inclined to do it even subject to much graver doubts, because the finding by the Superior Court discloses circumstances of the most flagrant and deliberate wrong, which would have justified, and in our opinion required, a judgment for such additional damages as would have made the plaintiff good for the expenses of the litigation which he was obliged to incur to obtain redress. When fraud is so clearly found it should never be allowed to shield itself behind defences which are purely technical, unless the technicality must of necessity prevail. Indeed courts may well be excused for being astute in their efforts to find a way to uphold a judgment so manifestly just, and in respect to which no error can be alleged except what consists in falling short of securing to the plaintiff what might have been his legal and proper demand, and of that the defendant will not be permitted to complain.

There is no error in the record.

In this opinion the other judges concurred.