CHARLES COOK *vs.* TOWN OF MORRIS.

First Judicial District, Hartford, March Term, 1895.  ANDREWS, C. J.,
TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

An order or decree of a Court of Probate may always be impeached for fraud.
In an action to recover for support furnished to one *B*, an alleged pauper of the defendant town, the plaintiff, who was *B's* conservator, introduced in evidence the record of the settlement of his account as conservator and the decree of the Court of Probate accepting the same, as proof that *B* was in need of support and that *B's* property, at the time of the rendition of said account, had been entirely exhausted in her support to that date; and claimed that such record was conclusive upon the latter point.  *Held* that the trial court properly admitted evidence to show that such account was false and fraudulent, and that the decree accepting the same was·procured by the plaintiff's fraud.  *Held* also, that such decree did not bind the defendant, as it then had no interest in the proceeding in the Court of Probate and was not, and could not have been made, a party thereto.

[Submitted on briefs March 5th—decided April 5th, 1895.]

ACTION to recover for support of an alleged pauper, brought to the Superior Court in Litchfield County and tried to the

court, *Robinson, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The case is sufficiently stated in the opinion.

*Robert E. Hall,* for the appellant (plaintiff).

The court erred in holding that the probate record was not conclusive evidence of the facts therein recited. A record is equally conclusive whether pleaded or offered in evidence. *Bell* v. *Raymond,* 18 Conn., 95. A judgment at law or decree in equity, of a court having jurisdiction, is conclusive between the parties to it and their privies, upon every material fact in issue, and cannot be collaterally impeached. *Sears* v. *Terry,* 26 Conn., 280; *Shelton* v. *Hadlock,* 62 id., 153; 1 Black on Judgments, 245. Such a judgment cannot be collaterally impeached for fraud, unless the statute impliedly permits it. Statutes, § 436; *Peck* v. *Woodbridge,* 3 Day, 36; *Boston and Worcester Railroad* v. *Sparhawk,* 1 Allen, 448; *Kreckler* v. *Ritter,* 62 N. Y., 372; *Mussey* v. *White,* 58 Vt., 45. A decree of a Court of Probate in a matter within its jurisdiction is as conclusive upon the parties as the decree of any other court. *Gates* v. *Treat,* 17 Conn., 392; *Kellogg* v. *Johnson,* 38 id., 269; *Dickson* v. *Hayes,* 31 id., 417; *Holbrook* v. *Brooks,* 33 id., 351; *Shelton* v. *Hadlock,* 62 id., 153; *Hall* v. *Pierson,* 63 id., 337. Decrees of a probate court having jurisdiction, are binding upon the whole world, and especially upon those who have the right to appear, defend, or appeal. Bigelow on Estoppel, 145. But whether binding or not, the probate account is not so fraudulent that even in a direct attack it could be avoided. To have that effect the fraud must have been practiced upon a party so as to have prevented his presenting his case in court. *United States* v. *Throckmorton,* 98 U. S., 61; *Pierce* v. *Olney,* 20 Conn., 553; Wells' Res Adjudicata, § 499; Bigelow on Fraud, 86; *Peck* v. *Woodbridge,* 3 Day, 36; *Stanton* v. *Embry,* 46 Conn., 597. It cannot be claimed that Cook was not justified in assuming the care of Sarah Bostwick in

1889 ; for, although the trial court did not apparently recognize it, there can be no legal conveyance of the care and duty to support, under such a contract, and to attempt it is a breach for which foreclosure will lie. *Flanders* v. *Lamphier*, 9 N. H., 201 ; *Bryant* v. *Erskine*, 55 Me., 153.

*James Huntington*, for the appellee (defendant).

The main question in this case before the trial court was, whether Sarah A. Bostwick on February 3, 1892, was a pauper within the meaning of the law, for whose support the town of Morris was liable. This question, being one of fact, is fully disposed of by the court in the finding.

The trial court committed no error in holding that the probate record could be impeached for fraud. For this cause it may be attacked collaterally. General Statutes, § 436; *Bulkley* v. *Andrews*, 39 Conn., 523, 530, 535; *Gallup* v. *Smith*, 59 id., 354–361.

ANDREWS, C. J. This is an action brought to recover for support furnished by the plaintiff to one Sarah A. Bostwick, a settled inhabitant of the defendant town, and alleged in the complaint to be a pauper in need of support. The plaintiff at the time the support was furnished was, and for some considerable time before had been, the legally appointed conservator of the person and estate of the said Sarah, appointed by the Court of Probate in the District of Sharon.

The Superior Court found that at the time when the support was furnished, for which this action was brought, the said Sarah A. Bostwick was not a pauper in need of support; but that the plaintiff during all said time, as her conservator, had in his hands and possession property belonging to her of the value of nine hundred dollars or thereabouts. She could not be chargeable to the town so long as that property remained unexpended. 1 Swift's Dig. (top page), 419; *Peters* v. *Litchfield*, 34 Conn., 264; *Wallingford* v. *Southington*, 16 id., 431; *Stewart* v. *Sherman*, 4 id., 553, 5 id., 244; *Newtown* v. *Danbury*, 3 id., 553.

This finding is decisive of the case, unless the trial court

committed some error in reaching its conclusion. The plaintiff insists that there is error. Upon the trial the plaintiff offered in evidence a duly certified copy from the probate records of Sharon, of a settlement by him with said court of his account as the conservator of the said Sarah, by which it appeared that all her property and estate had been expended in her necessary support, previous to the time when the support was furnished to her by the plaintiff, and for which he sought to recover in this suit. It appeared that the said settlement had been accepted and approved by the said Court of Probate; and that no appeal had been taken therefrom. The plaintiff claimed that this record was conclusive on the question of his having in his hands any property belonging to the said Sarah. The defendant claimed that the said account was fraudulent, and that the settlement and the record were procured by the fraud of the plaintiff. The Superior Court found " that the said account was a false and fraudulent statement, and that the presenting of said account to the Court of Probate and the procuring its acceptance and allowance by the said Court of Probate were for an improper and fraudulent purpose, and all a part of a fraudulent scheme on the part of the plaintiff to prevent the said Sarah's estate from obtaining the just and full benefit of her interest in the lands belonging to her, and the proceeds thereof when converted into cash by the plaintiff "; and thereupon overruled the claim of the plaintiff and rendered judgment for the defendant.

The plaintiff's reason of appeal—the only one which is material—is that the court erred in overruling his claim that the probate record was conclusive. A judgment can never be invoked to sustain fraud. Freeman on Judgments, § 250. A probate record may always be impeached for fraud. General Statutes, § 436. See also *Lynch* v. *Hall*, 41 Conn., 238; *Feltz* v. *Walker*, 49 id., 93.

And on another ground we think the whole matter of the possession and ownership of property by Miss Bostwick was open to the defendant, notwithstanding said accounting. The town of Morris was not a party to the proceedings in the

Court of Probate. At that time the town had no interest in the matter so that it could have been made a party to the proceedings in the Court of Probate, or could have appealed from the decree even if it had wished to do so. A judgment never binds those who are not parties or privies. *Bethlehem* v. *Watertown*, 47 Conn., 237; *Burdick* v. *Norwich*, 49 id., 225; *Greenleaf's Evidence*, § 524.

There is no error.

In this opinion the other judges concurred.