JOHNSON v. SOUTHERN BUILDING & LOAN ASS'N.

(Circuit Court, W. D. Virginia. October 9, 1899.)

1. COURT COMMISSIONERS—POWERS.
It is not within the authority of a master commissioner to determine that a party or other person is in contempt of the court, whose decree the master is executing, and on that ground to deny such person the right to be represented by counsel before him; such power being vested in the court alone.

2. RECEIVERS—EXTRATERRITORIAL RIGHTS—SUITS IN OTHER JURISDICTIONS.
When a federal court has appointed a receiver for the property of an insolvent corporation within its jurisdiction, it will not permit his conduct of litigation before a master respecting claims against the estate prosecuted under the court's authority to be interfered with by a receiver subsequently appointed for the same corporation in another jurisdiction; and the foreign receiver has no right, through comity or otherwise, to be represented by counsel in such litigation.

3. INSOLVENT CORPORATIONS—RECEIVERSHIP—RIGHTS OF CORPORATION.
The corporation is not extinguished, however, by reason of its insolvency, or the appointment of receivers for its property; and, being a party to the suit, it has a right to appear by counsel employed without cost to the estate in the hands of the receiver.

Upon the joint petition of the Southern Building & Loan Association and D. A. Carpenter, receiver, appointed by the chancery court of Knox county, Tenn., in the chancery cause of J. T. Barrow and others against the Southern Building & Loan Association, pending in that court.

Fulkerson, Page & Hurt, for petitioners.
Moore & Addison and J. H. Larue, for J. R. Miller, receiver.

PAUL, District Judge. In this cause, on the 27th of January, 1897, the plaintiff, Linda H. Johnson, filed in this court a creditors'

bill on behalf of herself and all other creditors of the defendant, the Southern Building & Loan Association, alleging the insolvency of the defendant corporation, and the possession by it of assets in this district, and praying for the appointment of a receiver within the jurisdiction of this court, and for the injunction usually granted on the appointment of a receiver. A temporary receiver was appointed, an injunction awarded, and a rule issued to show cause why the appointment of a receiver should not be made permanent. On the hearing in the month of July, 1897, of the rule to show cause, the order appointing a temporary receiver was made permanent, and the injunction against all creditors and stockholders of the corporation, restraining them from interfering with the property of the corporation, and forbidding its officers and agents from interfering with or disposing of its property within the jurisdiction of this court, was continued in force. The cause was referred to a master commissioner to take an account of the assets of the defendant corporation within the jurisdiction of this court, and of the claims of creditors. On the 16th day of April, 1897, J. T. Barrow and wife filed their bill of complaint in the chancery court of Knox county, Tenn., against the said the Southern Building & Loan Association; and on a hearing that court adjudged the said corporation to be insolvent, and appointed D. A. Carpenter and John W. Conner receivers. The order of reference is still pending, uncompleted, before the master commissioner of this court. The petition states that there is pending before the commissioner, among other matters referred to him, an inquiry as to the "liability of the firm of Miller & Warden for a loan made by said association, and as to whether, by reason of alleged negligence of the Southern Building & Loan Association in placing and taking out insurance upon the property conveyed in trust to secure said loan, the said Miller & Warden are entitled to have the collateral bond and deed of trust executed by said Miller & Warden canceled and delivered up, and the said building and loan association, and all persons claiming under or through it, perpetually enjoined from collecting the said bond, and from enforcing the said deed of trust." The petition further states that on the 22d of August, 1899, the said D. A. Carpenter, receiver, employed certain attorneys to appear before the commissioner to represent the interests of said Carpenter, receiver, in the matter of the claim against Miller & Warden; that on the 25th of August, 1899, the defendant the Southern Building & Loan Association employed the same attorneys to represent said association in the matter in controversy. Objection was made to the appearance of said Carpenter, receiver, and of said defendant association by counsel for said Miller & Warden, and by counsel for the receiver of this court. The chief grounds of objection were that the only issue involved was one between the receiver of this court and the said Warden & Miller, and that neither said association nor said Carpenter, receiver, had the right to appear, by counsel or otherwise, in the controversy; that the said Carpenter, receiver, and said building and loan association were in contempt of this court, in refusing to obey its orders requiring them to produce before the commissioner

certain deeds, notes, and other documents necessary to the proper taking of the account ordered. The commissioner sustained the objections taken to Carpenter, receiver, and said building and loan association appearing in the cause by counsel. The reasons given by the commissioner are, briefly, that no one except J. R. Miller, the receiver of this court, has any right to prosecute the claim against Miller & Warden; that the attorneys for the Southern Building & Loan Association and Carpenter, receiver, have not been employed by J. R. Miller, the receiver in this cause; that said Carpenter, receiver, is in contempt of this court, by reason of his failure to deliver to J. R. Miller, the receiver of this court, the papers he was directed to deliver by decree of July 22, 1897, and by reason of his failure to pay dividends to any stockholders in this district who have proven their claims in this cause; that to permit said counsel for the Southern Building & Loan Association and for said Carpenter, receiver, to appear in the cause, would lead to confusion, etc.

The action of the commissioner in refusing to allow counsel to appear at the instance of Carpenter, receiver, or of the Southern Building & Loan Association, on the ground that they are in contempt of this court, in not obeying its former orders, cannot be maintained. There has never been any report to this court, either by the receiver in this cause or by the commissioner, showing that its orders have been disobeyed by either of the petitioners. Certainly no process of attachment for contempt has been issued, executed, returned, heard, and judgment for a contempt entered thereon by the court. Until these steps are taken, no person, whether a party to the cause or not, can be held in contempt of the court for disobedience of its orders. It is not within the authority of a master commissioner to determine that a party to a cause or other person is in contempt of the orders of the court whose decree the master is executing. This power is conferred on the court alone. Section 725, Rev. St.; Desty, Fed. Proc. (9th Ed.) 838; 1 Fost. Fed. Prac. § 341. The prominent question presented by the facts in this matter is the right of the petitioners, or either of them, to interfere in the management of the cause pending in this court. The receiver of this court was appointed nearly two months before said D. A. Carpenter was appointed a receiver by the chancery court of Knox county, Tenn. The receiver of this court was directed, by the decree appointing him, to take charge of all the property and assets of every kind within this district belonging to the insolvent corporation, the Southern Building & Loan Association. He did so, and now has such property in his custody and under his control. The jurisdiction of the federal court being first invoked, it will retain its jurisdiction, and any interference on the part of the state court with property at the time within the jurisdiction of the federal court is unauthorized. Gluck & B. Rec. 71. The doctrine as to the right of a receiver to sue in a foreign jurisdiction is thus stated by the supreme court in Booth v. Clark, 17 How. 322, 15 L. Ed. 164:

"We think that a receiver has never been recognized by a foreign tribunal as an actor in a suit. He is not within that comity which nations have permitted, after the manner of such nations as practice it in respect to the judg-

ments and decrees of foreign tribunals, for all of them do not permit it in the same manner and to the same extent, to make such comity international or a part of the law of nations. \* \* \* He [the receiver] has no extraterritorial power of official action; none which the court appointing him can confer, with authority to enable him to go into a foreign jurisdiction to take possession of the debtor's property; none which can give him, upon the principle of comity, a privilege to sue in a foreign court or another jurisdiction, as the judgment creditor might have done, where his debtor may be amenable to the tribunal which the creditor may seek."

The court states the reasons on which its decision rests as follows:

"We think that a receiver could not be admitted to the comity extended to judgment creditors, without an entire departure from chancery proceedings as to the manner of his appointment, the securities which are taken from him for the performance of his duties, and the direction which the court has over him in the collection of the assets of the debtor, and the application and distribution of them. If he seeks to be recognized in another jurisdiction, it is to take the fund there out of it, without such court having any control of his subsequent action in respect to it, and without his having even official power to give security to the court, the aid of which he seeks, for his faithful conduct and official accountability."

The doctrine as stated by the supreme court has been followed by frequent decisions both in the federal and state courts. It is cited with approval by the supreme court of appeals of Virginia in Davis' Adm'r v. Snead, 33 Grat. 705. Beach, Rec. §§ 680, 681. While the general rule as to the incapacity of receivers to bring suits in a foreign jurisdiction is as stated above, the courts have, as a matter of comity, relaxed its rigor, and allow a receiver to sue in other states to enforce his rights. Id. § 682. But the doctrine of comity has never been carried to the extent of allowing a receiver in a foreign jurisdiction to interfere, by attorney or otherwise, in the conduct of litigation in a cause where the home court has appointed its own receiver. The receiver of the court in which the litigation is pending is responsible for its proper conduct. He has, as an officer of the court, given bond conditioned for a faithful discharge of his duties. The receiver of a foreign tribunal will not be allowed to intrude himself, against the protest of the home receiver, into a cause in which he has no interest to protect and no rights to enforce. Nor has an insolvent corporation the authority to interfere with the receiver appointed to take charge of its assets, in his efforts to reduce the same to possession. The corporation is not, as contended by counsel for the receiver, by reason of its insolvency, and the appointment of a receiver, extinguished. Second Nat. Bank of Paterson v. New York Silk Mfg. Co. (C. C.) 11 Fed. 532. One of the incidents of a corporation is perpetual succession.

In Wait, Insol. Corp. §§ 34, 36, it is said:

"We know of no positive rule of law that prevents an insolvent corporation from continuing business. \* \* \* And the appointment of a receiver of a railroad corporation does not necessarily prevent the directors from discharging their functions in matters not affecting the receivership, and an injunction restraining any action whatever on their part will not be considered necessary to accomplish the objects of the receivership."

The corporation in this case, being a party to the suit, has a right to be represented by counsel before the master during the taking of the account ordered, in order that it may look after the general inter-

ests of the company. But such counsel must be employed at its own expense, and will not be permitted to interfere with the receiver in the conduct of the business intrusted to him. The receiver in this cause is under instructions from the court not to employ attorneys without first submitting to the court the necessity of such employment, the character of the services to be rendered, and the compensation to be paid. On the approval of the court, he can contract with counsel. The court will not compel the receiver to accept the services of attorneys contrary to his wishes, and, against his protest, burden the fund in his hands with the fees of what he regards as unnecessary counsel. An order will be entered in accordance with the views of the court.