GEORGE J. BASSETT, BANK COMMISSIONER, *vs.* THE CITY BANK AND TRUST COMPANY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 7th, 1933—decided January 2d, 1934.

*John C. Blackall,* for the appellant (The Globe Indemnity Company).

*Barclay Robinson* and *William W. Fisher,* with whom, on the brief, was *Lucius F. Robinson,* for the appellee (the receiver).

BANKS, J. In the trial court and upon the argument in this court, the parties stipulated as to the facts material upon this appeal. On January 2d, 1932, the City Bank & Trust Company, because of a restraining order of the bank commissioner, failed to open for business and has since remained closed. On January 7th, 1932, a temporary receiver was appointed who was subsequently confirmed. When the bank closed on December 31st, 1931, it was insolvent. The Globe Indemnity Company insured the bank against loss through any dishonest or criminal act of its employees or through robbery or hold-up, by two bankers' blanket bonds the premiums upon which had been paid. The bonds were cancelable at the option of the insured. The receiver, upon his appointment, notified the Indemnity Company of the same and requested the can-

cellation of the bonds. They were canceled by the Indemnity Company as of January 9th, 1932, and the unearned premiums as computed by it on that date amounted to $6661.86. When the bank closed, the Globe Indemnity Company had on deposit in its commercial department $10,033.26 and claimed the right to set off this deposit against the amount due from it for unearned premiums. The court ruled that it was not entitled to the set-off, and the correctness of this ruling is the only question upon this appeal.

A depositor's right of set-off is limited to an indebtedness existing at the time of the bank's insolvency and does not extend to a debt which accrues after the receivership. *Lippitt* v. *Thames Loan & Trust Co.,* 88 Conn. 185, 206, 90 Atl. 369; *Searle* v. *Crampton,* 118 Conn. 42, 170 Atl. 480; 5 Michie, Banks & Banking, pp. 294, 313; cases in annotation 71 A. L. R. 806. The appellant contends that the unearned premiums upon its bonds constituted an existing indebtedness to the bank prior to the receivership, and that therefore it was entitled to set off against it its deposit in the bank. This claim is based upon the proposition that the liability of the Indemnity Company upon its bonds ceased the instant that the bank closed, and that at the same instant there came into existence a liability on its part to pay the bank the amount of the unearned premiums upon the bonds.

The bonds themselves contain no provision for their termination upon the closing of the bank. They provide, in substance, that they shall terminate, (a) thirty days after receipt by the insured of written notice from the underwriter of its desire to terminate the bond, (b) on receipt by the underwriter of a written request to terminate the bond and, in the case of any employee, (a) as soon as the insured shall learn of any default on his part, (b) fifteen days after receipt by

the insured of written notice from the underwriter of its desire to terminate the bond as to such employee. The bonds were actually canceled in the home office of the Indemnity Company as of January 9th, 1932, upon receipt by it of a request of the receiver for such cancellation, in accordance with the provision for cancellation in the bonds themselves. The appointment of the receiver did not, as the appellant suggests, terminate the corporate existence of the bank. It suspended its power to conduct its business or to enter into contracts in relation to that business, or to sell, pledge or otherwise dispose of the property in the possession or under the control of the receiver; but it did not bring about a dissolution of the corporation. *Butler* v. *Beach,* 82 Conn. 417, 422, 74 Atl. 748; 2 Clark, Receivers (2d Ed.) § 703. The corporation, despite the appointment of the receiver, might, for instance, employ counsel for its own protection in the proceeding or for the purpose of bringing about a reorganization and resumption of business, and certainly, for the latter purpose, might enter into contracts of employment. *Johnson* v. *Southern B. & L. Asso.,* 99 Fed. 646; *Linn* v. *Dixon Crucible Co.,* 59 N. J. L. 28, 33; 5 Cook, Corporations (8th Ed.) p. 4000. So it might, upon proper showing to the court, bring about the discharge of the receiver and itself resume business. *Hartford National Bank & Trust Co.* v. *Riverside Trust Co.,* 117 Conn. 276, 167 Atl. 811. There might continue to be employees of the bank, as distinct from those of the receiver, even after the latter's appointment, who would be within the terms of the bonds. Unless these were terminated in accordance with their provisions, they would continue to be operative.

The appointment of the receiver did not necessarily terminate the bonds, and the conduct of the appellant

indicated that it did not consider its liability on the bonds terminated until its receipt from the receiver of a request for their cancellation. It canceled them as of the date of the receipt of that request and figured the amount of the unearned premiums upon the basis of the termination of its liability as of that date. It received and retained compensation for its liability upon the bonds covering the entire period to January 9th. The appellant owed the bank nothing prior to its insolvency. Its only obligation to the bank was to indemnify it against any defaults of its employees within the terms of the bonds and there were no such defaults. Its obligation to pay the amount of the unearned premiums came into existence when the bonds were canceled on January 9th, and was an obligation which then accrued to the receiver. It was an obligation, it is true, which grew out of transactions having their inception prior to the appointment of the receiver, but it was not a debt existing when the receiver was appointed. In this it differed from the debt of the depositor in *Searle* v. *Crampton, supra,* which was upon a note given prior to receivership though not due until after the receiver was appointed. Since there were no mutual debts existing prior to the appointment of the receiver, the trial court did not err in its ruling that the appellant was not entitled to set off its deposit against the amount of the unearned premium.

There is no error.

In this opinion the other judges concurred.