FREDERICK A. SEARLE, RECEIVER OF COMMERCIAL TRUST COMPANY, vs. BERNARD L. CRAMPTON ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 7th, 1933—decided January 3d, 1934.

*Donald Gaffney,* with whom was *Leo V. Gaffney,* and, on the brief, *Bernard F. Gaffney,* for the appellant (plaintiff).

*Frederick B. Hungerford,* for the appellees (defendants).

BANKS, J. The finding, with such corrections as the appellant is entitled to, discloses the following facts: On March 28th, 1927, the defendant deposited $1000 with the Commercial Trust Company of New Britain

and received a certificate of deposit of that amount payable to himself. On August 23d, 1927, the defendant, having had domestic difficulties with his wife and fearing that she might attach the money so deposited, delivered the certificate to the Trust Company and received from it a certificate of deposit of the same amount in the name of and payable to his father, Howard A. Crampton. In 1930, having been divorced from his wife and desiring to use the money represented by the certificate of deposit, the defendant secured it from his father, who delivered it to him duly endorsed in blank, and on November 5th, 1930, took it to the Trust Company for the purpose of cashing it. He was persuaded by an officer of the Trust Company to take, instead, only $975, and to execute and deliver to the Trust Company a note for that amount dated November 5th, 1930, and payable three months after date, as collateral security for which he gave the Trust Company the certificate of deposit endorsed by his father. On December 13th, 1930, the Commercial Trust Company was suspended by order of the bank commissioner, and the plaintiff was appointed temporary receiver on December 22d, 1930. In this action, brought by the receiver upon the $975 note, the defendant claimed the right to set off against the amount due upon the note, the amount due upon the certificate of deposit. The trial court allowed the set-off and rendered judgment in favor of the plaintiff to recover a balance of $16.25 only.

The right of a depositor in the commercial department of a trust company to set off the amount of his deposit against a debt owed by him to that department is not questioned. *Lippitt* v. *Thames Loan & Trust Co.*, 88 Conn. 185, 90 Atl. 369. The defendant's father was the depositor to whom the Trust Company was indebted upon the certificate of deposit when it was

issued on August 23d, 1927. Plaintiff contends that defendant cannot set off against his debt to the Trust Company a debt which, when the receiver was appointed, was owed not to him but to his father, though subsequent to the receivership it became his property. 5 Michie, Banks & Banking, 294. But, before the Trust Company had suspended, the defendant's father had endorsed this certificate in blank and delivered it to him, thus transferring the title to him. General Statutes, §§ 4347, 4351. After this assignment and notice to the Trust Company, which it received when the defendant presented the certificate for the purpose of having it cashed, he was entitled to a set-off of the certificate against his own debt to the Trust Company. General Statutes, § 5551; 57 C. J. 505.

It appears from the finding, in addition to the facts already recited, that the defendant's father died on February 2d, 1931, that the certificate of deposit was included in the inventory of his estate with the knowledge of the defendant and in the account of the administratrix, and was set out to the defendant in a certificate of mutual distribution signed by the defendant and his sister, who were the only heirs at law. The defendant reported to the judge of probate that the certificate of deposit stood in his father's name and it was included in the inventory of his estate after conference with the judge of probate. The division of the estate between the defendant and his sister was agreed upon without reference to the certificate of mutual distribution.

The plaintiff claims that the defendant, by his report to the Court of Probate that the certificate of deposit stood in his father's name and by joining with his sister in signing the certificate of mutual distribution, is estopped to deny that the certificate of deposit belonged to his father's estate. If the plaintiff had

paid the administratrix of the estate of Howard A. Crampton the amount of the certificate of deposit, he might have claimed that the defendant was estopped by his conduct to dispute the payment. But it does not appear that the plaintiff has changed his position on the strength of any acts of the defendant, or been in any way prejudiced thereby. He is not, therefore, entitled to claim the benefit of an estoppel. *Bassett* v. *Pallotti, Andretta & Co., Inc.,* 117 Conn. 58, 63, 166 Atl. 752; *Webb* v. *Moeller,* 87 Conn. 138, 141, 87 Atl. 277.

The inventory of an estate may properly contain any property which may be claimed to have belonged to the deceased when the circumstances are such as to make the matter of his title doubtful, leaving the question of title to be litigated in an ordinary action at law. *Gold's Appeal,* Kirby, 100; *Gille* v. *Emmons,* 91 Kan. 462, 138 Pac. 608; *Bourne* v. *Stevenson,* 58 Me. 499, 504. The acceptance of the inventory by the Court of Probate was not, therefore, an adjudication as to the title of the certificate of deposit. Nor could the decrees of that court accepting the account of the administratrix and the mutual distribution, conclusively determine the title to property included therein as between the defendant and the plaintiff, who was not a party to the probate proceedings. *Cook* v. *Morris,* 66 Conn. 137, 140, 33 Atl. 594; 34 C. J. 974; 15 R. C. L. 956.

The plaintiff further contends that the defendant's claim of ownership of the certificate of deposit is predicated upon a cancellation by the court of his own fraudulent transfer and that it cannot be sustained, upon the familiar principle that a court of equity will deny relief to one whose claim arises out of his own fraud, and will refuse its aid to one who is seeking to set aside a transfer which he has made for the

purpose of defrauding his creditors. *Gest* v. *Gest,* 117 Conn. 289, 296, 167 Atl. 909. The rule is not applicable to the situation here present. When the defendant's father endorsed the certificate of deposit and delivered it to him it became his property. The defendant is not seeking the aid of the court to set aside a transfer in fraud of creditors. The property transferred has been reconveyed to him and he is not asking and does not require the aid of the court to perfect his title to it. *Yale Gas Stove Co.* v. *Wilcox,* 64 Conn. 101, 128, 29 Atl. 303; *Lyman* v. *Lyman,* 90 Conn. 399, 406, 97 Atl. 312.

The fact that defendant continued to pay interest on his note until July 15th, 1931, which is found by the court, cannot be construed as a waiver of his right to claim a set-off of the certificate of deposit whenever action should be brought upon the note.

The defendant's note did not fall due until February 5th, 1931, which was subsequent to the closing of the Trust Company and the appointment of the receiver, and the plaintiff now claims that because it was not then due no set-off should be allowed. The note was not a debt accruing to the receiver after the suspension of the Trust Company, but was an existing obligation owed to it at the time of his appointment. A receiver succeeds to the assets of the estate subject to all outstanding equities against it. *Brackett* v. *Middlesex Banking Co.,* 89 Conn. 645, 654, 95 Atl. 12; *Lippitt* v. *Thames Loan & Trust Co.,* 88 Conn. 185, 194, 90 Atl. 369. The plaintiff took this note subject to the equities existing between the defendant and the Trust Company, and therefore subject to the defendant's right to set off his deposit in the Trust Company against his note when suit should be brought against him upon it. The note and the deposit were mutual debts in existence when the Trust Company suspended,

and the fact that the note had not then matured does not affect the defendant's right to set off his deposit against his liability on the note in an action by the receiver upon the latter after it has fallen due. *Sullivan* v. *Merchants' National Bank,* 108 Conn. 497, 144 Atl. 34; *Scott* v. *Armstrong,* 146 U. S. 499, 13 Sup. Ct. 148; *Yardley* v. *Clothier,* 51 Fed. 506; 23 R. C. L. p. 59, § 63; see cases collected in notes in 25 A. L. R. 946 and 82 A. L. R. 665. This note was due when this action was brought upon it, or of course the action could not have been maintained, and the defendant being the owner of an obligation of the Trust Company, which was in existence when the receiver was appointed, was entitled to set it off against his debt to the Trust Company.

The letter written by defendant's counsel to the plaintiff directing the latter to set off the certificate of deposit against the defendant's note was admissible as proof, not of his right to the set-off, but of the fact that he made claim for it and of the date that he made the claim. The certificate of deposit purchased by the defendant on March 28th, 1927, was admissible in evidence in proof of defendant's claim that he was the actual owner of the certificate which was later issued in his father's name covering the same deposit. Since the record does not contain the answers to other questions, objections to which were overruled, it is impossible to say whether the plaintiff was harmed by the rulings excepted to.

There is no error.

In this opinion the other judges concurred.